UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ROBERT P. FORTMAN, JR.,** | |
| Plaintiff, | |
| v. | No. 1:24 CV 389 |
| **TROY HERSHBERGER, DARRIN HATIN,** | |
| Defendants. | |

## OPINION and ORDER

Robert P. Fortman, Jr., a prisoner without a lawyer, filed a complaint. (DE # 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Fortman alleges he was being monitored by a camera in his cell "at all times" while housed at the Allen County Jail because of his prior seizure activity. (DE # 1 at 2.) On February 25, 2023, he let several unnamed officers know he was having an "aura, which usually occurs hours to minutes before a seizure." (*Id*.) He asked them to alert the medical staff, but they did not do so. That day he had a "massive seizure" and hit his head on the sink/toilet in his cell. (*Id*.) He was found in a pool of blood fifteen minutes later by officers doing their rounds. He was immediately taken to an outside hospital for treatment via ambulance. While at the hospital, Fortman claims transport officer Darrin Hatin "had a finger near or in my mouth during a seizure, in which I allegedly bit his finger." (*Id*. at 3.) Officer Hatin responded by punching Fortman several times in the face. Because of this incident, Fortman is "awaiting trial on a Level 5 battery." (*Id*.) He has sued Troy Hershberger—the Sheriff of Allen County—and Transport Officer Darrin Hatin for monetary damages and injunctive relief in the form of "immediate release" on the battery charge. (*Id*. at 4.)

As an initial matter, to the extent Fortman is challenging his ongoing detention, he may not do so in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement); 28 U.S.C. §§ 2241 (pretrial) & 2254 (post-conviction); *see also Day v. Watson*, 798 Fed. Appx. 27, 29 (7th Cir. 2020) (citing *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994) and noting that the exclusive remedy for such challenges is a collateral attack under 28 U.S.C. §§ 2241 or 2255).

This leaves his claims for monetary damages. He alleges he was subjected to excessive force by Officer Hatin at the hospital.[1] Because Fortman was a pretrial detainee at the time he filed his complaint, his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (internal quotation marks and citation omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response . . . is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020), *cert. denied*, 142 S. Ct. 69 (2021). "[N]egligent conduct does not

---

[1] He does not suggest he had any interactions with Officer Hatin prior to arriving at the hospital. Furthermore, while he names Sheriff Hershberger as a defendant, he does not describe any actions by Sheriff Hershberger that would subject him to individual liability. *See e.g., Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (liability under 42 U.S.C. § 1983 is based on personal responsibility, and officials cannot be held liable for damages solely because they hold supervisory positions).

offend the Due Process Clause[,]" and allegations of negligence, even gross negligence, do not suffice. *Miranda*, 900 F.3d at 353.

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 397. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.'" *Husnik v. Engles*, 495 Fed. Appx. 719, 721 (7th Cir. 2012) (quoting *Bell*, 441 U.S. at 537).

Here, Fortman claims Officer Hatin's finger was near his mouth during a seizure, so he accidentally bit it. In response, Officer Hatin allegedly punched Fortman's face "several times." (DE # 1 at 3.) Fortman states this incident resulted in charges against him, and he is "awaiting trial on a Level 5 battery." (*Id.*) A review of the state court docket reveals that Fortman was charged with one count of battery resulting in bodily injury to a public safety officer.[2] *See State of Indiana v. Fortman*, cause no. 02D06-2303-F5-000096, Allen Sup. Ct. 6 (filed Mar. 30, 2023), available at:

---

[2] The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

4

https://public.courts.in.gov/mycase (last visited May 22, 2025). A hearing on the issue of probable cause was held on March 20, 2023, and the state court judge found probable cause existed to arrest Fortman based on the affidavit, which described the events at the hospital as follows:

> While guarding the defendant Officer Hatin heard the defendant say he was going to 'piss' on him. Officer Hatin was able to avoid the urine. The defendant was able to loosen his soft restraint on his right hand, rip away his diaper and grab a full (sic) of his own feces. Officer Hatin attempted to handcuff the right hand to the bed frame and used his left hand to push the defendant's face away from him. The defendant bit Officer Hatin's middle finger on his left hand. This act broke the skin causing Officer Hatin to need three stiches. Officer Hatin needed to use physical force to get the defendant to release his finger.

*See id.; see also* Ex. 1 (Probable Cause Affidavit & Order). A plea agreement in that criminal case was filed on April 21, 2025, and Fortman pled guilty to battery resulting in bodily injury to a public safety officer. *Id*. He was sentenced to a term of four years imprisonment on May 13, 2025. *Id*. He has not filed an appeal, and the time to do so has not yet expired. *Id*.

Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Potential claims that can trigger *Younger* include those arising from illegal searches, seizures, detentions, and prosecutions. *See Gakuba*, 711 F.3d at 753. In certain circumstances, excessive force claims may also be precluded. *See e.g., Tolliver v. City of Chicago*, 820 F.3d 237, 243–44

(7th Cir. 2016). "Generally—at least in the context of the *Younger* abstention doctrine— staying the case, rather than an all-out dismissal of a claim, is the proper disposition where a plaintiff seeks compensatory damages." *Woodard*, 997 F.3d at 724; *see also Shaw v. County of Milwaukee*, no. 21-1410, 2022 WL 1001434, 2 (7th Cir. Apr. 4, 2022) ("district court should have stayed rather than dismissed [the plaintiff's] damages claims" pursuant to *Younger*) (citing *Gakuba*, 711 F.3d at 753). Of note, "*Younger* continues to apply while state criminal cases go through the appellate process[.]" *Cannon v. Newport*, 572 Fed. Appx. 454 (7th Cir. 2014) (citing *Simpson v. Rowan,* 73 F.3d 134, 138 (7th Cir. 1995)).

    Here, Fortman pled guilty to and was convicted of Level 5 battery against a public safety officer. The elements of this crime include "knowingly or intentionally . . . touch[ing] another person in a rude, insolent, or angry manner" during which the offense "results in bodily injury" to "[a] public safety official while the official is engaged in the official's official duties . . .." Ind. § Code 35-42-2-1(c)(1), (g)(5)(A). Fortman's current claims—that he *accidentally* put his finger near Officer Hatin's mouth during a seizure and that Officer Hatin responded without reasonable justification by punching him in the face—"involve constitutional issues that may be litigated during the course of his criminal case [or appeal]." *Gakuba*, 711 F.3d at 753. "Deciding those issues in federal court could undermine the state court proceeding[.]" *Id*. Therefore, a stay of this case is appropriate under *Younger*.

    On a related note, some of Fortman's assertions directly undercut the validity of those criminal charges—as described above, he claims he *accidentally* placed his finger

6

near Officer Hatin's mouth during a seizure, which negates the requirement that the battery was done knowingly or intentionally.³ *See e.g., Tolliver*, 820 F.3d at 243 (holding that the plaintiff's "version of the facts" which claimed he acted involuntarily rather than with the requisite intent during his interaction with a peace officer "implies the invalidity of his conviction for aggravated battery, [so] his civil claims are barred by *Heck*"). Any claim that necessarily implicates the validity of the charges brought against him cannot be brought while "criminal proceedings are ongoing," and instead become cognizable only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated[.]" *McDonough v. Smith*, 588 U.S. 109, 119–20 (2019) (citing *Heck*, 512 U.S. at 486–87). "[S]o long as those convictions stand, [the plaintiff] may not challenge them in a civil-rights suit, or pursue claims for damages that necessarily would impugn his convictions[.]" *Cannon*, 572 Fed. Appx. at 454–55 (internal citations omitted). The Supreme Court has instructed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck*

---

³ Moreover, if the probable cause narrative is deemed accurate, it was not objectively unreasonable for Officer Hatin to use physical force to release his finger from the grip of Fortman's teeth.

will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id*.

For the court to consider Fortman's claim of excessive force against Officer Hatin on the merits, he must first complete his underlying criminal case, including exhausting his appellate options in state court. *See Simpson*, 73 F.3d at 138 ("Even though the state trial has ended, however, [the plaintiff's] federal damage action raises constitutional issues that are potentially subject to adjudication in his appeal to the state supreme court. . .. *Younger* abstention is therefore appropriate while the case works its way through the state appellate process."); *see also Cannon*, 572 Fed. Appx. at 454 ("*Younger* continues to apply while state criminal cases go through the appellate process."). Accordingly, the court will stay and administratively close Fortman's case at this time. When he has fully litigated his criminal case through the state system, he may file a motion with this court, asking to reopen the case. When that has occurred—and if he still wishes to proceed with this lawsuit—he must file a motion to lift the stay. Depending on the outcome of the criminal case, the court will determine at that time whether his civil claims may proceed. *See Wallace*, 549 U.S. at 394. If he does not move to lift the stay within 30 days of the final resolution of his criminal case, the stay will be converted to a dismissal without prejudice.

As a final matter, Fortman may also be attempting to bring a claim regarding his medical care at the Allen County Jail prior to his transfer to the hospital. However, he does not identify a proper defendant in connection with these allegations and has not

8

stated any viable claims.[4] It is unclear whether he intended to bring a separate Fourteenth Amendment medical claim, or whether he is merely providing this information as background about what led to the alleged excessive force encounter. In any event, the court does not find that issues with his prior medical care at the Allen County Jail are sufficiently related to his claim about Officer Hatin's alleged use of excessive force at an outside hospital. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If he wishes to pursue any unrelated claims about his prior medical care, he must do so in a separate lawsuit.[5]

For these reasons, the court:

(1) **DIRECTS** the Clerk to attach the Probable Cause Affidavit & Order as Ex. 1;

(2) **DISMISSES WITHOUT PREJUDICE** any possible claims regarding Robert P. Fortman, Jr.'s, prior medical care at the Allen County Jail;

---

[4] Fortman is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* Fortman admits the decision was made at the facility-level to monitor him in his cell via camera due to his prior seizure activity, which is an objectively reasonable response to his medical condition. He also admits he was found by officers within fifteen minutes of the seizure and was immediately taken to an outside hospital for treatment. The fact that the seizure was allegedly not observed the moment it happened by those monitoring the cameras and/or that various unnamed officers failed to alert medical staff that Fortman was experiencing an "aura" does not subject Sheriff Hershberger to liability. *See e.g., Mitchell*, 895 F.3d at 498; *Burks*, 555 F.3d at 595 (liability under 42 U.S.C. § 1983 is based on personal responsibility, and officials cannot be held liable for damages solely because they hold supervisory positions); *see also Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards). Of note, he does not allege Officer Hatin had anything to do with his pre-hospital issues.

[5] Other than described above, the court offers no opinion about the potential merit of any such claims. Fortman is reminded that under the Prison Litigation Reform Act, he will incur an additional filing fee for any new lawsuit he files. *See* 28 U.S.C. § 1915(b).

(3) **STAYS** any possible excessive force claims that occurred on February 25, 2023, pending the resolution of *State v. Fortman*, cause no. 02D06-2303-F5-000096 (Allen Sup. Ct. 6 filed Mar. 30, 2023);

(4) **ORDERS** the plaintiff to file a motion to lift the stay <u>within 30 days after his criminal case is fully litigated</u> through every level of the state system;

(5) **CAUTIONS** him that if he does not do so, the stay will be converted to a dismissal without prejudice; and

(6) **DIRECTS** the Clerk to **STATISTICALLY CLOSE** this case.

**SO ORDERED.**

Date: May 29, 2025

              <u>s/James T. Moody</u>
              JUDGE JAMES T. MOODY
              UNITED STATES DISTRICT COURT