UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT P. FORTMAN, JR., **Plaintiff**, v. TROY HERSHBERGER, DARRIN HATIN, **Defendants**. | No. 1:24 CV 389 |

## OPINION and ORDER

On May 29, 2025, the court stayed this case—filed by Robert P. Fortman, Jr., a prisoner without a lawyer—which alleges misconduct by officials employed at the Allen County Jail, until a state criminal case resulting from his interactions with one of the officers concluded. (DE # 5.) The court instructed him to file a motion to lift the stay within 30 days after the criminal case was fully litigated and cautioned him that if he did not do so, the stay would be converted to a dismissal without prejudice for the remaining claims. (*Id.*)

Public records reflect a judgment in the state criminal case was entered on May 13, 2025.[1] *See generally State of Indiana v. Fortman*, cause no. 02D06-2303-F5-000096, Allen Sup. Ct. 6 (filed Mar. 30, 2023), available at: https://public.courts.in.gov/mycase (last visited Jul. 15, 2025). Fortman pled guilty to battery with bodily injury to a public safety

---

[1] The court is permitted to take judicial notice of public records. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

officer and was sentenced to four years' imprisonment on May 13, 2025. *Id.* Fortman has not appealed that judgment or conviction, and the time to do so has passed. *See* Ind. Appellate Rule 9(A)(1). More than 30 days have passed since his criminal case was considered fully litigated through the state system, and he has not moved to lift the stay in this civil case. As explained in the stay order, any possible claims regarding his prior medical care at the Allen County Jail were already dismissed without prejudice both because he did not identify a proper defendant and because he did not state a plausible claim. (*See* DE # 5 at 8–9.)[2] Moreover, his allegation that he was subjected to excessive force after he "accidentally" put his finger near Officer Hatin's mouth during a seizure is clearly intertwined with and implicates the validity of his criminal conviction, so that claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See generally* DE # 5 at 2-8.) Accordingly, that claim will now be dismissed without prejudice as well. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).[3]

For these reasons, the court:

(1) **DIRECTS** the Clerk to **LIFT THE STAY** and **REOPEN THIS CASE**;

---

[2] The court noted that "issues with his prior medical care at the Allen County Jail are [not] sufficiently related to his claim about Officer Hatin's alleged use of excessive force at an outside hospital. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)" and invited him to file a separate lawsuit if he wished to pursue those claims. ECF 5 at 9.

[3] *See also Heck*, 512 U.S. at 486–87 (plaintiff cannot obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his conviction unless it is reversed on direct appeal, expunged, or otherwise declared invalid).

(2) **DISMISSES WITHOUT PREJUDICE** the remaining excessive force claim that occurred on February 25, 2023, related to *State v. Fortman*, cause no. 02D06-2303-F5-000096 (Allen Sup. Ct. 6 filed Mar. 30, 2023) pursuant to 28 U.S.C. § 1915A because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and

(3) **DIRECTS** the Clerk to **CLOSE** this case and enter judgment accordingly.

**SO ORDERED.**

Date: July 18, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

3